# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM CANCIENNE | CIVIL ACTION |
| VERSUS | NO. 06-10555 |
| BURL CAIN | SECTION "K"(4) |

## ORDER AND OPINON

This Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion in part, except as to the analysis of petitioner's claim that the state district judge denied petitioner his right to a fair and impartial jury by rejecting his challenges for cause regarding various members of the jury venire.

Petitioner William J. Cancienne, Jr. asserts that the state trial judge violated his Sixth Amendment right to an impartial jury and his Fourteenth Amendment right to due process by denying petitioner's challenges for cause to seven members of the jury venire, including Randall Parkins, who ultimately served as a member of the jury that convicted petitioner. (Rec. Doc. 4 at 3).

"In appeals alleging violations of the requirements of voir dire in state court cases, federal courts are limited to enforcing the commands of the United States Constitution." *Herman v. Johnson*, 98 F.3d 171, 174 (5th Cir. 1996) (citing *Mu'Min v. Virginia*, 500 U.S. 415, 422, 111 S.Ct. 1899, 1903, 114 L.Ed.2d 493 (19991)). The Supreme Court has rejected "the notion that a loss of a peremptory challenge constitutes a violation of constitutional right to an impartial jury," and has

noted that "[w]e have long recognized that peremptory challenges are not of constitutional dimension." *Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S.Ct. 2273, 2278, 101 L.Ed.2d 80 (1988) (internal citations omitted). The *Ross* Court concluded that "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.* "[T]he pertinent inquiry is whether the jurors that actually sat were impartial as required by the [S]ixth [A]mendment." *United States v. Prati*, 861 F.2d 82, 88 (5th Cir. 1988). To put it another way, as long as the jurors who determined a defendant to be guilty were impartial, no constitutional violation arises from the loss of a peremptory challenge. Therefore, it is unnecessary to review the state trial judge's denial of Mr. Cancienne's challenges for cause as to those venire members subsequently excused from the jury through petitioner's use of a peremptory challenge. However, because Randall Parkins served on the jury that convicted petitioner, the Court must determine whether the state judge erred in denying petitioner's challenge of Mr. Parkins for cause.

Petitioner asserts that the state trial judge should have excused Randall Parkins for cause because during *voir dire* Mr. Parkins expressed doubts concerning the presumption of innocence.

> To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

*Irwin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642-43, 6 L.Ed.2d 751 (1961). A venire member may be excluded for cause when "the prospective juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000) (quoting *Wainwright v. Witt*, 469 U.S. 412, 424, 105 S.Ct. 844, 852 (1985)). It is well established that a state trial court's failure to grant a challenge

for cause is a factual finding entitled to a presumption of correctness. *Id.*

During *voir dire*, Mr. Parkins initially stated that he had "doubts" about the presumption of innocence and explained " . . . my military background, and with the type of work that I did, if a person ever got to [the defendant's] chair, he was ninety nine point nine percent guilty." State Rec. Vol. 6, pgs. 553-554. However, based on the following quoted colloquy, it is clear that Mr. Parkins later acknowledged that he could follow the law with respect to the presumption of innocence:

> Mr. Ehle[1]: . . . So you can follow the law?
>
> Mr. Parkins: Yes.
>
> Mr. Ehle: And if the Judge says, Mr. Parkins, at this time you need to presume him innocent, and you can do that?
>
> Mr. Parkins: Yes.
>
> . . .
>
> Mr. Ehle: Okay, we were - - Mr. Parkins, we were speaking about the presumption of innocence. Now, you said when you first walked in, you said ninety nine point nine percent of the time the person is guilty.
>
> Mr. Parkins: I did, yes.
>
> Mr. Ehle: Do you still believe that?
>
> Mr. Parkins: No. We've went through the proceedings here now, and a lot of things have been explained to me, which is a little bit different than what I've seen in the past.
>
> Mr. Ehle: Okay. Do you understand that because - - wait, maybe I should say, Just because he's been indicted, that doesn't mean that he's committed a crime?
>
> Mr. Parkins: I understand that.

---

[1] Mr. Ehle represented Mr. Cancienne.

State Rec. Vol. 6, pgs. 556 - 557.  Based on the quoted colloquy, there is no basis to conclude that Mr. Parkins was not an impartial juror.  Thus, the state trial judge did not deprive petitioner of his Sixth Amendment right to a fair and impartial jury by denying petitioner's challenge for cause of Mr. Parkins.

Petitioner also urges that the state district judge's erroneous rejection of petitioner's challenge for cause violated his Fourteenth Amendment right to due process.  Having previously concluded that the state trial judge did not erroneously deny petitioner's challenge of Mr. Parkins for cause, the Court need not address the merits of this contention.  Accordingly,

**IT IS ORDERED** that the petition of Willaim Cancienne for *habeas corpus* relief pursuant to 28 U.S.C. §2254 is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of December, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE